## McClure *versus* Peoples' Freight Railway Co.

1. In a subscription to the stock of a railroad company, the covenant was to pay money on call. In a suit therefor, the defendant offered to prove an oral agreement that he might pay in labor and materials, without offering to show that he attempted to ascertain when and where he could do so, or making a tender thereof. *Held*, that the offer was not admissible.

2. Three existing companies were consolidated. The subscription was made after the agreement for consolidation but before it was filed in the office of the secretary of the Commonwealth : *Held*, that the filing of the agreement in the office of the secretary was not necessary to validate the subscription.

May 14th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY and STERRETT, JJ. PAXSON and WOODWARD, JJ., absent.

Error to the Court of Common Pleas of *Perry county :* Of May Term 1879, No. 148.

Debt by the Peoples' Freight Railway Company against William McClure, to recover the amount of certain instalments of a subscription to the stock of said company.

The plaintiff corporation was formed from the consolidation of three railroads. The agreement to consolidate was effected between the companies about the 17th of November 1873, but was not filed in the office of the Secretary of the Commonwealth until December 13th 1873. The defendant subscribed for his stock after the consolidation, but before the agreement therefor was filed with the secretary.

At the trial, before Junkin, P. J., the defendant made the following offers :

To prove by himself and others present when said subscription was obtained, that agents of plaintiff came to him with the subscription book, and said to defendant that he had horses and plenty of hands about him ; that if he would subscribe, there would be plenty of opportunity for him to furnish materials and labor to pay all his subscription in that way, and that he need not pay any money on his subscription ; that defendant then subscribed, upon those terms and under those conditions ; that without such terms and conditions he would not have subscribed at all ; that no opportunity

was offered him to pay his said subscription according to the said conditions of his contract, nor has he been called upon to furnish either labor or materials for said road.

Also, to prove that if the road had been constructed as plaintiff proposed, it would have passed within two miles of his residence, and the opportunity would then have been offered to pay his subscription in kind; that the work was commenced about four miles' below him and progressed in an easterly direction, so as to carry the grading of the road further from him and not toward him; that the whole line of one route was given out by contract to one Bivins, the first and nearest ten miles of the road on the very day the articles of consolidation were filed, and the remainder of the route in November 1874; so that the plaintiff rendered it impossible to receive payment according to the conditional contract; that neither president, secretary nor any acting director lived within the county of Perry, to whom tender could be made. And this for the purpose of showing that defendant was excused from making the tender, even if the tender had otherwise been necessary.

Both of these offers the court rejected.

The defendant also submitted the following points, which the court refused:

1. The alleged subscription of defendant having been obtained before the articles of consolidation were filed in the office of the Secretary of the Commonwealth, and therefore before the corporation plaintiff had any legal existence, the same is void for want of parties, and the verdict should be for the defendant.

2. The alleged subscription having been obtained before the corporation plaintiff had any legal existence, and before it had obtained any rights, property or franchises, by virtue of the filing of the articles of consolidation, according to the requirement of the Act of Assembly relating thereto, the same is void for want of consideration, and the verdict should be for the defendant.

The verdict was for plaintiff for $200. After judgment defendant took this writ, his first and second assignments being the foregoing offers of evidence respectively, and his third and fourth, the refusal of the above points.

*Charles J. T. McIntire* and *Charles A. Barnett*, for plaintiff in error.—We think the court erred in failing to distinguish between a contract for the payment or delivery of specific articles, and one in which the articles to be delivered are not specific and ascertained, but where kind and quantity depend upon the creditor's election. The labor and materials here contracted for are not definite, they depend upon the election of the obligee as to kind and quantity, and his designation as to time and place: Hamilton *v.* Calhoun, 2 Wright 139; Mussulman *v.* Stoner, 7 Casey 265; Lobdell *v.* Hopkins, 5 Cowen 516.

[McClure v. Peoples' Freight Railway Co.]

Can a corporation formed by the consolidation of three separate companies, enforce payment of a subscription made after the agreement of consolidation, but before it was filed in the office of the Secretary of the Commonwealth?

*W. A. Sponsler* and *J. E. Junkin*, for defendant in error.— The contract of subscription was to pay for the stock in instalments in cash. The offer was to contradict this, and show that it was payable in work. There was no fraud or mistake alleged. The written covenant calls for money, not labor or materials. But if it were so, no tender of these was made. The consolidation was not a new creation or grant of franchises, but simply providing for the exercise of that already in existence, and the subscription was therefore valid whether the consolidation agreement was filed in the office of the Secretary of the Commonwealth or not.

Mr. Justice TRUNKEY delivered the opinion of the court, May 26th 1879.

McClure's covenant was to pay money on call. He proposed to prove an oral agreement that he might pay in materials and labor, without offering to show that he attempted to ascertain when and where he could do so. When the call was made it was his business to pay according to his contract, and, instead of that, he did nothing. Under the alleged oral agreement he may not have been bound to tender materials and labor, but the call was enough to put him on inquiry when and how they would be received. The court was right in holding that if the offers set out in the first and second assignments were received, they would not amount to a defence. It is not admissible to contradict or materially change a written contract, save for fraud, accident or mistake, of which no evidence was offered: Martin v. Berens, 17 P. F. Smith 459.

The third and fourth assignments raise the question whether the subscription, made after the agreement of consolidation and before it was filed in the office of the Secretary of the Commonwealth, is valid. It is claimed that this point is settled by Strasburg Railroad Co. v. Echternacht, 9 Harris 220, where the court say: "A contract cannot be made by one person alone. It takes two to make a bargain. Before a promise becomes a binding obligation, it must not only be made to, but must be expressly or impliedly accepted by, the party for whose benefit it was meant. The paper before us is no more than a naked expression of the subscriber's intention to purchase certain shares in the capital stock of a company which it was expected would be incorporated by the legislature." That legal proposition cannot be gainsaid, and the description of the paper, to which it was applied, is entirely accurate. Of course such a paper is worthless. Here is an actual subscription to the capital stock and a direct covenant to pay the Peoples' Freight

[McClure *v.* Peoples' Freight Railway Co.]

Railway Company $50, in instalments of $5 each, for each share of said stock. The deed recites that the company is "formed by consolidation together of The Sherman's Valley Railroad Company, the Bendersville Railroad Company, and the Bendersville Extension Railroad Company;" and the agreement for said consolidation had been executed on the 17th of November 1873. Nothing remained to be done to authorize the company to act as a corporation, but to file the agreement in the office of the Secretary of the Commonwealth. That officer had no discretion to receive or reject; it was his duty to file the paper of record as soon as deposited. This consolidated company was not a new grant of corporate franchises, but another form for operating those which had been granted to the companies merged by their mutual agreement. To liken this to a case where there was no charter and could not be without legislation is a perversion. In this, the grant of rights and powers had been made; in that, they were to be procured. The corporate existence of this company depended solely upon the contracting parties; of that, upon future legislative grant.

It was to the capital stock of a company already formed by agreement of existing corporations, that the defendant subscribed. That agreement was filed in a few days thereafter, December 13th 1873, and then the company had legal existence and could act. It is not denied that the company accepted the subscription, made calls according to its terms, and that the first call was paid. The subscription was, at least, a valid proposition to the plaintiff which became irrevocable the instant of its acceptance. Whether, before the filing of the agreement for consolidation, the defendant could have recalled his subscription is not a point in the case.

Judgment affirmed.